IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HEATHER JOHNSON, | : |
|               Plaintiff, | :   CIVIL ACTION NO. 5:24-cv-05018 |
|      v. | : |
|  | :   ARBITRATION-ELIGIBLE |
| SUPPORTS COORDINATION GROUP LLC, | : |
| d/b/a PA HEALTH MANAGEMENT, | : |
|               Defendant. | : |

## COMPLAINT

Heather Johnson ("Plaintiff") brings this lawsuit against Supports Coordination Group LLC d/b/a PA Health Management ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

## JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.    Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.    Plaintiff Johnson resides in Kane, PA (McKean County).

5.    Defendant is a corporate entity with a principal place of business in Lancaster, PA (Lancaster County).

6.    Plaintiff is an employee covered by the FLSA and PMWA.

7.    Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8.      Through contracts with the Pennsylvania Department of Human Services, Defendant provides "Service and Supports Coordination for eligible individuals throughout the entire state of Pennsylvania."[1]  This includes working to "deliver Managed Long-Term Services and Supports."  *Id.*

9.      In order to complete the work described in paragraph 8, Defendant employs individuals in the position of Senior CHC Service Coordinator, a position which was previously titled Service Coordinator Team Lead (hereafter referred to as "Team Lead/Senior CHC Service Coordinator"). The work performed by Team Lead/Senior CHC Service Coordinators has no meaningful relationship to the management or general business operations of Defendant or its customers.

10.     The Team Lead/Senior CHC Service Coordinator position does not require academic training in a field of specialized intellectual instruction. For example, Plaintiff has a Bachelors and Masters Degree in Criminology – a field unrelated to her work for Defendant.

11.     As a Team Lead/Senior CHC Service Coordinator, Plaintiff did not customarily or regularly direct the work of other employees. For example, Plaintiff did have authority to hire or fire employees, or set pay rates, and generally was not responsible for assigning work to employees.

12.     Plaintiff was employed by Defendant as a Team Lead Service Coordinator and then Senior CHC Service Coordinator from approximately October 5, 2020 to approximately mid-2022 (when she became a Training Lead) and was paid a salary.[2]

---

[1]      https://pahm.org/ltss/ (last visited September 13, 2024).
[2]      Pursuant to a stipulation between the Parties, Plaintiff's FLSA claims were tolled as of October 14, 2024 and her PMWA claims were tolled as of September 20, 2024.

13.     As a Team Lead/Senior CHC Service Coordinator, Plaintiff did not receive any overtime premium compensation for hours worked over 40 per week.

14.     Plaintiff regularly worked over 40 hours per week. Specifically, Plaintiff worked approximately 45-50 hours in a typical week.

15.     Plaintiff did not receive any overtime wages for hours worked over 40 per week.

## COUNT I
### (Alleging FLSA Violations)

16.     All previous paragraphs are incorporated as though fully set forth herein.

17.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

18.     Defendant violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked over 40 per week.

## COUNT II
### (Alleging PMWA Violations)

19.     All previous paragraphs are incorporated as though fully set forth herein.

20.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

21.     Defendant violated the PMWA by failing to pay Plaintiff overtime wages for all hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

3

B.    Liquidated damages to the fullest extent permitted under the FLSA;

C.    Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date:  April 16, 2026                                                Respectfully,


  */s/ Deirdre Aaron*
Deirdre Aaron
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

4

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that

I will be bound by the judgment of the Court on all issues in this case.

Date: _____04/15/2026_____          _____

                                          Heather Johnson